IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PISKANIN          :        CIVIL ACTION
                            :
           v.                   :
                            :
KELLY L. BANACH, ET AL.        :        NO. 07-4655

**ORDER-MEMORANDUM**

**AND NOW,** this 15th day of December, 2008, **IT IS HEREBY ORDERED** that Plaintiff's

Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **IT IS FURTHER**

**ORDERED** that the Clerk of Courts shall **CLOSE** this case for statistical purposes.

The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C.

§ 1915 on December 11, 2007. Section 1915(e)(2) provides that "the court shall dismiss the case

at any time if the court determines that – (B) the action or appeal . . . (ii) fails to state a claim on

which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Although there is no motion to

dismiss before us at this time, *sua sponte* dismissals are freely permitted pursuant to 28 U.S.C. §

1915(e)(2). See Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 920 (2007) ("In the PLRA, Congress

added failure to state a claim . . . as grounds for *sua sponte* dismissal of *in forma pauperis* cases .

. . ." (citing § 1915(e)(2)(B))). "The standard for failure to state a claim under § 1915(e)(2)(B)(ii)

is the same as that for [a] motion to dismiss for failure to state a claim under Rule 12(b)(6)."

Azubuko v. Mass. State Police, No. Civ. A. 04-4176, 2004 U.S. Dist. LEXIS 23053, at *3-4 (E.D.

Pa. Nov.12, 2004) (citing Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000)).

When determining a Motion to Dismiss pursuant Rule 12(b)(6) for failure to state a claim

upon which relief can be granted, the court may look only to the facts alleged in the complaint and

its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, which would entitle him or her to relief.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

The Complaint alleges that Plaintiff has been "an operative for federal law enforcement agencies and agents and provided information on criminals, Lehigh County and Northampton County judges, attorneys, [and] politicians . . . ."  (Compl. ¶ 7.)  The Complaint further alleges that the Defendants participated in a conspiracy that resulted in Plaintiff's false arrest and unlawful imprisonment in violation of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. The Complaint seeks solely injunctive relief, asking that we issue an order prohibiting Judge Banach from participating in any judicial proceeding involving the Plaintiff and that we assume jurisdiction of Plaintiff's state court criminal proceeding and his appeal of his conviction in that proceeding. Plaintiff seeks relief pursuant to pursuant to 28 U.S.C. §§ 1442(a)(1) and 1443.

Section 1442(a)(1) provides that a civil or criminal action that has been brought in state court may be removed to the federal district court in the district in which such action is pending if the defendant is one of the following:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).  However, removal is not available unless there is

> "a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him, for whatever offense, has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty.  But the statute does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority. It is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution."

Mesa v. California, 489 U.S. 121, 131-32 (1989) (quoting Maryland v. Soper, 270 U.S. 9, 33 (1926)).

Assuming, *arguendo*, that Plaintiff's past services for federal agencies or federal agents entitle him to the status of a federal official, he is entitled to relief only if the charges brought against him in the state court criminal proceedings arose directly from his actions as a federal official.  The Complaint alleges that, in 2003, Plaintiff infiltrated a drug task force with which Defendants were affiliated and learned of illegal conduct that he attempted to relate to federal law enforcement. (Compl. ¶¶ 9-10.)  Defendants then conspired to "'set up' Plaintiff for illegal arrests" by drugging Plaintiff's wife.  (Id. ¶ 11.)  The Complaint further alleges that Plaintiff was arrested in March 2004 and convicted by a jury in a trial before Judge Banach in April 2005.  (Id. ¶¶ 22-23, 26.)  The Complaint does not identify the offenses of which Plaintiff was convicted.  However, the public record shows that Plaintiff was convicted of " theft by deception, receiving stolen property, and sixty counts of identity theft, in violation of 18 Pa. Cons. Stat. Ann. §§ 3922(a), 3925(a), and 4120,

respectively." Piskanin v. Hammer, 269 Fed. Appx. 159, 160 (3d Cir. 2008).[1]  The Complaint does

not allege any actions taken by Plaintiff in the performance of his duty as a federal agent that could

constitute the basis of a prosecution for theft by deception, receiving stolen property or identity theft.

See Mesa, 489 U.S. at 129.  We find, accordingly, that Plaintiff has not established the requisite

causal connection between the charges raised against him in the state court criminal proceedings and

his prior services to federal law enforcement agencies and agents.  We conclude, therefore, that the

Complaint fails to state a claim for relief pursuant to 28 U.S.C. § 1442(a)(1).

Section 1443 also provides for removal of state court civil or criminal actions in certain,

limited, circumstances.  Section 1443  provides as follows:

> Any of the following civil actions or criminal prosecutions,
> commenced in a State court may be removed by the defendant to the
> district court of the United States for the district and division
> embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts
> of such State a right under any law providing for the equal civil rights
> of citizens of the United States, or of all persons within the
> jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law
> providing for equal rights, or for refusing to do any act on the ground
> that it would be inconsistent with such law.

28 U.S.C. § 1443.  The Supreme Court has held that Section 1443(2) "confers a privilege of removal

only upon federal officers or agents and those authorized to act with or for them in affirmatively

executing duties under any federal law providing for equal civil rights."  City of Greenwood, Miss.

---

[1] We may consider the offenses of which Plaintiff was convicted, even though they are not
alleged in the Complaint, because they are a matter of public record.  See Oshiver v. Levin, Fishbein,
Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

v. Peacock 384 U.S. 808, 824 (1966). The Complaint does not allege that Plaintiff was authorized

to act with or for federal officers under any law providing for equal rights. Consequently, the

Complaint fails to state a claim for relief pursuant to Section 1443(2).

An individual seeking removal of a state criminal case to federal court pursuant to Section

1443(1) must satisfy a two-part test:

> First, it must appear that the right allegedly denied the removal
> petitioner arises under a federal law "providing for specific civil
> rights stated in terms of racial equality." Georgia v. Rachel, [384
> U.S. 780, 792 (1966)]. Claims that prosecution and conviction will
> violate rights under constitutional or statutory provisions of general
> applicability or under statutes not protecting against racial
> discrimination, will not suffice. That a removal petitioner will be
> denied due process of law because the criminal law under which he
> is being prosecuted is allegedly vague or that the prosecution is
> assertedly a sham, corrupt, or without evidentiary basis does not,
> standing alone, satisfy the requirements of § 1443(1). City of
> Greenwood v. Peacock, [384 U.S.] at 825.
>
> Second, it must appear, in accordance with the provisions of § 1443
> (1), that the removal petitioner is "denied or cannot enforce" the
> specified federal rights "in the courts of [the] State." This provision
> normally requires that the "denial be manifest in a formal expression
> of state law," Georgia v. Rachel, supra, at 803, such as a state
> legislative or constitutional provision, "'rather than a denial first
> made manifest at the trial of the case.'" Id., at 799.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Although Plaintiff alleges that the state court

prosecution is corrupt, he has not alleged that it involves issues of racial inequality. Consequently,

we conclude that the Complaint fails to state a claim for relief pursuant to 28 U.S.C. § 1443(1). See

In re Weddington, Crim. No. 08-62, 2008 U.S. Dist. LEXIS 19321, at *5 (E.D. Pa. Mar. 13, 2008).

Even if Plaintiff had satisfied the substantive requirements for removal of his state court

criminal proceeding to federal court, he has failed to comply with 28 U.S.C. § 1446, which requires

that a notice of removal of a criminal prosecution be filed prior to trial, unless good cause is shown

for later filing.  28 U.S.C. § 1446(c)(1).  The Complaint states that Plaintiff's trial was held in April

2005.  (Compl. ¶ 26.)  The Complaint alleges no barrier that prevented Plaintiff from filing the

instant action prior to trial.  Consequently, Plaintiff cannot obtain the relief he seeks in this case and

amendment of the Complaint would be futile.   The Complaint is, accordingly, dismissed with

prejudice.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (stating that "if a complaint is

vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an

amendment would be inequitable or futile" (citing Grayson v. Mayview State Hosp., 293 F.3d 103,

108 (3d Cir. 2002))).

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.